**PALMER v. BIZZELL et al. (No. 8001.)**

(Court of Civil Appeals of Texas. Galveston. March 8, 1921.)

**1. Judgment ⬤═587 — Former judgment for possession of automobile not conclusive against action for conversion.**

Where plaintiff, not knowing that an automobile had been transferred to third persons, recovered a judgment for title and possession, such judgment is not a conclusive adjudication against his right to maintain an action for conversion against such third persons to whom the machine had been transferred, for res judicata arises and operates as a bar only as to matters directly in issue, or fairly within the scope of the pleadings.

**2. Election of remedies ⬤═12 — Recovery of judgment for title and possession no bar to action of conversion.**

Where plaintiff, not knowing that an automobile had been transferred to third persons, recovered a judgment for title and possession, which was unsatisfied, he may thereafter maintain an action against such third persons and the original parties for conversion of the automobile, for as the first judgment was not satisfied and the remedy sought was unavailing, there was no election of remedies which would estop him from seeking relief by way of an action of conversion.

**3. Election of remedies ⬤═15—Pursuit of one will not exclude alternative remedy until satisfaction is had.**

Where remedies were alternative and concurrent and not inconsistent, the pursuit of one will not exclude the other until a satisfaction is had.

**4. Election of remedies ⬤═12—Situation after judgment, rendering it unavailing, will not preclude further proceedings.**

Where after judgment for title and possession of an automobile plaintiff discovered that it had been transferred to third persons, and his judgment was unavailing, a new legal situation having arisen, an action for conversion cannot be defeated on the theory of the election of remedies.

Appeal from Anderson County Court; Mills G. Reeves, Judge.

Action by G. A. Palmer against Bart Bizzell and others. From a judgment dismissing the action after the sustaining of general demurrer to the petition, plaintiff appeals. Reversed and remanded.

Seagler & Pickett, of Palestine, for appellant.

Miller & Miller, of Athens, and Campbell & Sewell, of Palestine, for appellees.

GRAVES, J. Appellant, Palmer, sued the appellees Payne and wife, Bizzell, and Howard, in the county court of Anderson county, for $550 as the value of a Ford automobile which he charged them jointly and severally with having converted, and for an additional $250 as the value of its use. He alleged that he had formerly brought a suit in the district court of Anderson county against Payne and wife alone for the title to and possession of the automobile, that a judgment to that effect had been by that court awarded him, and further:

"That the defendant C. B. Howard and Bart Bizzell were not parties to the above-mentioned suit, for the reason that the plaintiff did not know that said car had come into their posses-

sion, as aforesaid, until the trial of said cause had begun, and plaintiff had rested his case, nor was the failure to discover said facts due to lack of diligence on the part of plaintiff; that the pleadings in said suit involved and raised only the issue as to the title and right of possession of said automobile; that on the 3d day of June, 1919, said cause was tried on its merits in said court, and that by the verdict of the jury and the judgment of said court entered of record on said date plaintiff was adjudged to be the owner of said automobile, and entitled to the possession thereof; that said judgment was a final judgment as to the title to and right of possession of said car, and has never been appealed from, and is valid and still in force and effect. * * *

"Plaintiff further alleges that since the rendition of the above-mentioned judgment, the exact date of which is not known to plaintiff, and cannot be ascertained by him, but which he alleges to be prior to September 1, 1919, the defendants moved said car out of Anderson county, Tex., and have secreted and hidden the same so as to prevent the plaintiff from enforcing said judgment; that since the rendition of said judgment, the exact date of which is not known to plaintiff and cannot be ascertained by him, but which he alleges to be prior to the 1st day of September, 1919, the defendants have abused and injured said car, by stripping it of many of its essential parts and attachments, the details of which plaintiff is unable to allege, for the reason that the defendants have had the possession thereof, but plaintiff alleges that such abuses and injuries were and are such as to render said automobile worthless and without substantial value to plaintiff; that at the time of the rendition of said judgment said automobile was of the reasonable value of $550."

He had elsewhere averred that Payne and wife had sold the car to Howard and Howard to Bizzell, and that the latter two had each known, on coming into possession of it, that Payne and wife had converted it from him, and that it was his property. In conclusion he set out the value of the use of the car to him during the period of its detention. On a hearing of this petition the trial court sustained a general demurrer interposed by the appellees, and dismissed the suit; of that action appellant now complains. No brief has been filed in this court on behalf of the appellees.

[1] We think the court erred, and that the petition stated a good cause of action. There was neither res adjudicata in the former judgment nor such election of remedies in

that suit as to constitute a bar to the present one; there the action—involving as it did only two of the parties—was limited to the question of title to and right of possession of the automobile under the conditions then obtaining, while here recovery of damages for its conversion, detention, and ill use is sought against the two former defendants and two new ones, under charges that the four of them, acting together, had, since the rendition of the judgment in the first suit, prevented its enforcement by reconverting the automobile, moving it out of the county, and, after denuding it of value, hiding it elsewhere.

The causes of action declared upon in the two proceedings were not therefore the same. Res adjudicata arises and operates as a bar only as to matters directly in issue or fairly within the scope of the pleadings in the case. Philipowski v. Spencer, 63 Tex. 604.

[2, 3] Neither did the mere procurement of a judgment for the title to and possession of the car in the circumstances given estop appellant from thereafter abandoning that route and choosing rather the one looking to the recovery of damages for its conversion, especially when in doing so he further averred that he not only had obtained no satisfaction from the first effort, but, through the intervening and wrongful acts of the appellees, had been placed where that was no longer available to him. Those two remedies were not inconsistent, but were alternative and concurrent; in such cases the rule seems to be that the pursuit of one will not exclude that of the other until a satisfaction is had. Bull v. Bearden, 159 S. W. 1177; Corpus Juris, vol. 20, pp. 6–8, § 7; Ruling Case Law, vol. 9, p. 959, §§ 4, 5.

[4] Moreover, at the time of bringing the first suit, appellant, under these averments, did not have the choice of the particular cause of action declared upon in this action, for the reason that it arose after the rendition of the judgment in the former case. A new legal situation was thereby created to which that judgment would not extend. Ruling Case Law, vol. 9, p. 958, § 3, and volume 15, p. 962, § 437.

For the error in sustaining the general demurrer, the judgment is reversed, and the cause remanded.

Reversed and remanded.