**FIREMEN'S INSURANCE CO. OF NEW-
ARK, NEW JERSEY, Appellant,**

v.

**Jesse L. BURCH et ux., Appellees.**

**No. 11587.**

Court of Civil Appeals of Texas.

Austin.

March 20, 1968.

Rehearing Denied April 10, 1968.

———◆———

Small, Herring, Craig, Werkenthin & Shannon, C. C. Small, Jr., Austin, for appellant.

Garey, Colbert & Kidd, Joe Colbert, Austin, for appellees.

HUGHES, Justice.

This is a declaratory judgment suit in which appellees, Jesse L. Burch and wife, Dorothy Burch, seek to determine the duties and liability, and extent of liability, of Firemen's Insurance Co. of Newark, New Jersey, appellant, under a policy of insurance issued by it to Larry J. Buttler for damages sustained by Dorothy Burch from injuries received by her as a result of a collision between an automobile in which she was a passenger and a pickup truck being driven by Sarah Buttler, the wife of Larry Buttler.

The trial court was specifically asked to determine whether Firemen's under its policy and facts now to be stated is re-

quired to defend a suit brought by Mr and Mrs. Burch against Mr. Buttler and the former Mrs. Buttler (now Mrs. Cromier) involving the mentioned collision and whether Firemen's is required to pay any judgment, within policy limits, which might be obtained by the Burchs in such suit.

The trial court rendered judgment that Firemen's was obligated to defend Larry Buttler and to pay any judgment which might be rendered against him to the full extent of the policy coverage, but that it was not required to defend the former Mrs. Buttler or to pay any judgment which might be rendered against her in the Burch suit.

The insurance policy in suit was bought during the marriage of Mr. and Mrs. Buttler with community funds. About the middle of October, 1965, Mr. and Mrs. Buttler separated and never resumed marital relationships. She testified that she never intended to return to her husband after the separation. She filed suit for divorce in November, 1965, and the divorce was granted in April, 1966. A property settlement was included in the divorce decree which provided that Mr. Buttler received as his portion of the community estate community assets of the value of $1,888.27, and assumed community indebtedness of $680.50.

Mr. and Mrs. Buttler also agreed:

"Larry J. Buttler agrees to pay all community debts that have accrued to date hereof, including all hospital, doctor and medical bills, provided, however, Sarah Louise Courtney Buttler agrees that all insurance benefits payable at the date hereof as a result of an automobile accident in December, 1965, shall be and remain the property of Larry Jack Buttler, and further agrees to execute all documents required to effect the provisions of this paragraph."

On December 1, 1965, Mrs. Buttler while driving her father's pickup, with his consent, collided with the car in which Mrs. Burch was riding. Mrs. Burch was seriously injured and damages for such injuries are estimated to be in excess of $10,000.00.

The insurance policy in suit is in capital letters, declared to be a "Family Automobile Policy." It contains these provisions which are relevant to this controversy:

" 'Named insured' means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household."

The liability of the insurer, subject to limitations in amounts, was "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of" matters not in dispute.

The policy also provides, "Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder." The policy coverage is $10,000.00 for bodily injury to each person injured.

Appellant's first point is that the trial court erred in holding that Larry Buttler was "legally obligated" to pay damages resulting from a tort of his wife, not participated in, aided or abetted by him.

Appellant cites Turner v. Turner, 385 S.W.2d 230, Tex.Sup.Ct., 1964, and other decisions which are to the effect that the separate property of the husband is not liable for the torts of the wife in which the husband did not participate. Turner was an alienation of affection suit brought by Genevieve Turner against Mozelle Corley and husband Pat Corley. The jury found that Mozelle Corley had alienated the affections of Harry Turner, the husband of Genevieve Turner. Regarding the liability of Pat Corley, the Court stated:

"The alienation of the affections of Harry A. Turner, caused by the conduct of Mozelle Corley Turner, is a tort against plaintiff Genevieve J. Turner. Pat Corley is not individually liable for the torts of his wife not aided and abetted

by him. The community estate of Mozelle and Pat Corley would be liable. Art. 4613, Vernon's Ann.Civ.St."

Art. 4613, Vernon's Ann.Tex.Civ.St., cited by the Court provides in part:

"The separate property of the husband shall not be subject to the debts contracted by the wife, either before or after marriage, except for necessaries furnished herself and children after her marriage with him, nor for torts of the wife."[1]

William O. Huie, Professor of Law, University of Texas Law School, in his commentary on The Community Property Law of Texas, page 1, vol. 13, V.T.C.S. (1960) states, "The common-law rule that the husband is liable for the wife's torts has long been established law in Texas." Cited to support this statement are McQueen v. Fulgham, 27 Tex. 463, 464 (1864) and Zeliff v. Jennings, 61 Tex. 458 (1884), which authorities unquestionably sustain Mr. Huie. The McQueen case was cited on this point with approval in Whitney Hardware Company v. McMahan, 111 Tex. 242, 231 S.W. 694.

The case of Scott v. Brazile, 292 S.W. 185, Tex.Comm. of Appeals, 1927, is directly in point. There the wife committed a forgery of which the husband had no knowledge. There was a general judgment against against both husband and wife. We quote from the opinion of the Court:

"Whenever a married woman commits a tort, she, as well as her husband, is liable for the damage resulting to another therefrom. McQueen v. Fulgham, 27 Tex. 463, 467; Zeliff v. Jennings, 61 Tex. 458, 470. * * *

The judgment rendered by the trial court for said sum of $6,531.31 in favor of the commissioner of insurance against M. D. Brazile and Annie Brazile is a general one, and does not, by its terms exclude the separate property of M. D.

Brazile from the effects thereof. Under the provisions of article 4613, Revised Statutes of 1925, the separate property of the husband is not liable for the torts of the wife in which he does not participate. The judgment of the trial court, therefore, should be so reformed as to relieve the separate property of M. D. Brazile from the operation of such judgment in favor of the commissioner of insurance."

To the same effect is Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (1939), where a joint judgment against the husband and wife based on the sole negligence of the wife was "reformed as to relieve the separate property of (the husband) from (its) operation."

It is to be noted that in neither of these cases was the monetary judgment against the husband altered.

In Campbell v. Johnson, 284 S.W. 261, Tex.Civ.App. Dallas, affirmed 290 S.W. 526, Tex.Comm. of App., the Court stated:

"Under the provisions of article 4613 (4621) (2967) (2851), Rev.St.1925, the separate property of the husband cannot be subjected to the payment of damages occasioned by the torts of the wife. Notwithstanding the provision, his common-law liability for her torts remains undisturbed by any statute. It follows therefore that this liability may be enforced by a suit against him without the necessity of joining the wife, and their common estate may be subjected to the payment of any judgment obtained against him."

In affirming this decision the Commission of Appeals held:

"The Court of Civil Appeals correctly held that the separate property of the husband cannot be subjected to the payment of damages occasioned by the torts of the wife. And, upon appropriate pleadings or request, seasonably filed, the judgment should exempt his separate

---

1. This is as the statute read prior to its amendment in 1967.

estate. See Jackson v. Dickey (Tex.Com. App.) 281 S.W. 1043. But in this case the husband sought no such exemption in the trial court in his motion for a new trial. He cannot first raise the issue in the Court of Civil Appeals as he has attempted to do in his application here."

■ Our interpretation of Art. 4613 is that it does not affect the common law rule that a husband is liable for the torts of his wife but that its only effect, in this respect, is to exempt or relieve the separate property of the husband from liability for the torts of his wife.

Since there is no express statutory authority for changing the common law rule of liability of the husband for the torts of his wife, we agree with the principle stated in McQueen, supra, that "it would be a stretch of judicial authority to hold that the common law responsibility attaching to him (the husband) for the acts of the wife is by mere implication abolished."[2]

■ We overrule appellant's first point and hold that Larry Buttler was legally obligated, within the terms of the insurance policy here involved, to pay damages occasioned by the tort of his wife even though he, in no way, participated therein.

Appellant's second point is that the trial court erred in not holding that its liability should be limited to the value of the husband's interest in the community estate of Mr. and Mrs. Buttler.

■ We overrule this point. To hold, as requested, would be to equate "liability" with "collectibility." These terms are not synonymous. They are not to be equated. The authority, if any is needed, for these conclusions is the policy itself which provides that solvency of the insured shall not relieve appellant of any obligation it has

under it. The fact that there is not sufficient property now in sight and subject to the payment of the Burch claim merely means that as to such claim the insured, Mr. Buttler, is insolvent.

■ In First Nat. Bank of Eagle Lake v. Robinson, 124 S.W. 177, Tex.Civ.App., San Antonio, n. w. h., "insolvency" was defined "to be the absence of property of the debtor out of which a debt may be made by execution." That this is generally the law see cases cited under heading "Sufficient property accessible to legal process," p. 455, vol. 21A, Words and Phrases.

It follows, we believe, the fact that the Burchs could not collect their judgment for $10,000.00 or more, if obtained, out of the community assets of the Buttlers is inconsequential under the express terms of the policy issued by appellant.

Appellees have a crosspoint to the effect that the trial court erred in holding that the spouse of Mr. Buttler was not an insured under the policy. The policy provided, as shown above, that the word "insured" included the wife of Mr. Buttler "if a resident of the same household."

■ The evidence is undisputed that Mr. and Mrs. Buttler separated about mid-October, 1965, and they never again lived together under the same roof. When the collision involved here occurred Mrs. Buttler was living in a small house on Avenue A in Austin and Mr. Buttler was living in an apartment about ten miles away on Mojave Drive. Mrs. Buttler never intended to return to her husband from the time she separated from him, however, Mr. Buttler attempted to effect a reconciliation from October, 1965 until April, 1966. He, during the period of separation, accepted his responsibility to provide for his wife and child.

---

2. Art. 1, V.T.C.S., provides:
   "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the, Legislature."

We cannot hold, as a matter of law, that, under the above circumstances, Mr. and Mrs. Buttler, on December 1, 1965, were residents of the same household.

The judgment of the trial court is affirmed.

Affirmed.