**Lloyd CUNNINGHAM, Appellant,**

**v.**

**The MEMBERS MUTUAL INSURANCE
CO., Appellee.**

**No. 17130.**

Court of Civil Appeals of Texas,
Fort Worth.

June 12, 1970.

---

Kelly Jacobs and Ernest May, Fort Worth, for appellant.

Pat McClung, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

Although the case presented on appeal is that of a plaintiff who complains of the trial court's judgment transferring venue from Tarrant to Dallas County upon sustaining a plea of privilege of the defendant, we believe that it would be less confusing in our discussion to disregard the usual questions of a venue case.

The plaintiff, the appellant Lloyd Cunningham, sought by his suit to secure a judgment against defendant, the appellee The Members Mutual Insurance Company, under a certain contract of insurance, and in particular under the section thereof which provided insurance policy protection and benefits under what he called "Family Protection Coverage for damages caused by 'uninsured motorists' ".

By his allegations the plaintiff claimed that he had sustained personal injuries through the negligent tort of one Charles Baker, an "uninsured motorist," within the contemplation of the defendant's policy of insurance. The undisputed proof adduced upon trial in district court established that Mr. Baker was such an "uninsured motorist".

The policy of insurance which had been issued by the defendant, and which was in full force and effect at the time of the accident in which the plaintiff was injured as the result of negligence on the part of Mr. Baker, a Texas "Family Automobile Policy", showed the name of the "named insured" as Beverly Cunningham, 2711 Greenwood Lane, Arlington, Texas. Under the "Definitions" section of the policy "named insured" means "the individual named * * * and also includes his spouse, if a resident of the same household; * * *." The protection afforded by the policy extended to a "named insured" when driving a non-owned automobile, and to collisions which might occur while so doing, and injuries, etc., occasioned thereby. When plaintiff sustained injuries as the result of the collision of the automobile driven by him and the automobile driven by Mr. Baker, he, the plaintiff, was driving a non-owned automobile; i. e. an automobile other than that, or those, de-

scribed on the face of the policy of insurance.

Prior to the time of the collision in question plaintiff had separated from his wife, the Beverly Cunningham whose name appeared on the policy of insurance, and was not—as of the time of such collision—a "resident of the same household" as Beverly Cunningham.

In view of the foregoing, the position taken by the defendant insurance company was that there was no liability under the policy of insurance it issued to Beverly Cunningham,—that no cause of action has arisen against it which plaintiff was entitled to maintain in the county where suit was brought,—and that venue thereof should be removed under the provisions of Vernon's Ann.Tex.St., Art. 1995, "Venue, general rule"; particularly since exception 23, "Corporations and associations", would be without application because of the fact that no cause of action was proved as arisen under the insurance policy contract. In other words, says defendant, the plaintiff has not discharged the burden incumbent upon him to show the existence of any right to prosecute the cause of action sued upon, founded in contract, because the evidence establishes the fact as a matter of law that plaintiff was not a resident of the same household as Beverly Cunningham, his wife, at time of the collision resulting in his injuries, and therefore the contract excluded coverage as to him.

In our opinion the position taken by the defendant insurance company was sound. We base our holding upon the case of Firemen's Insurance Co. of Newark, N. J. v. Burch, 426 S.W.2d 306 (Austin Tex. Civ.App., 1968). See also the Supreme Court opinion in the same case at 442 S.W.2d 331 (1968). The decision of the Austin Court of Civil Appeals concerned the nonexistence of coverage because of the policy provision restricting coverage to the named insured, meaning that no one who was not a resident of the same household as the person whose name was set out by the policy contract as the principal person insured, would be able to claim any of the protection afforded by the policy while driving a non-owned automobile (or automobile not specifically described in the policy).

The holding of the Court of Civil Appeals was made in answer to a cross-point presented by the appellee in such case complaining because the party thereto—in an identical position as that of the instant plaintiff—had been deemed by the trial court to be entitled to no protection or benefits of the insurance policy there under consideration. Such cross-point was overruled. From the opinion of the Supreme Court in the same case it is not clear whether the appellee preserved and presented the same cross-point to the Supreme Court. We cannot, in any event, find any intimation in the opinion of that court that there was any disagreement with or disapproval of the holding of the Court of Civil Appeals upon such point.

The members of this court have concluded that proper action in the instant case would be to hold in accord with the Austin Court of Civil Appeals.

In consequence, we likewise hold that the trial court lacked venue jurisdiction, because of the defendant's plea of privilege, under exception 23 of the venue statute. (Art. 1995)

Judgment is affirmed.