**FORT WORTH LLOYDS, Appellant,**

v.

**Raul GARZA et al., Appellees.**

**No. 935.**

Court of Civil Appeals of Texas, Corpus Christi.

June 19, 1975.

Rehearing Denied Aug. 29, 1975.

James R. Harris, Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

Pat Morris, Nicolas & Morris, George D. Shaffer, Corpus Christi, for appellees.

## OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

We withdraw the original opinion delivered on May 15, 1975, and substitute the following opinion limiting the facts discussed in this opinion to those alleged in the complainant's petition which was filed against Fort Worth Lloyds' insureds, Raul Garza and his wife, Carmela G. Garza.

The appellant Fort Worth Lloyds in its motion for rehearing contends in three (3) points of error that this Court erred in considering facts other than the allegations contained in the complainant's petition in determining the insurer's duty to defend a lawsuit against one of its insureds. The insurance company argues that in determining the duty of a liability insurance company to defend a lawsuit, such responsibility depends solely upon the allegations contained in the complainant's petition against its insured, without any reference to what the parties testify concerning the true facts. Fort Worth Lloyds say that we were in error in considering any facts outside the complainant Reasonover's petition.

Generally speaking, a suit to decide the question of the insurance company's responsibility to defend is brought by its insured after the insurance company has refused to defend. In the case before us, the insurance company brought a declaratory judgment action to determine its responsibility to defend in advance. Where such course of action is taken by an insurance company and facts are developed, we see no reason why such facts cannot be used along with those contained in the complainant's petition. This would be a calculated risk the insurance company would take when it seeks a declaratory judgment. See *Firemen's Insurance Co. Of Newark, New Jersey v. Burch*, 426 S.W.2d 306 (Tex.Civ.App., Austin, 1968), rev'd on other grounds, 442 S.W.2d 331 (Tex.Sup.1969) where facts were considered in determining the company's duty to defend.

However, because the trial court's findings of fact are not as clear as they should be and because we arrive at the same result by restricting our consideration to the allegations in Reasonover's petition only we withdraw our original opinion and substitute this opinion in its place. We have considered all of the appellant's points of error in its motion for rehearing and they are overruled. Our substituted opinion follows.

This is a declaratory judgment suit involving the question of the insurance company's duty to defend the owner of a standard home owners' policy. The trial court rendered judgment against the insurance company. The company appeals to this Court.

Fort Worth Lloyds Insurance Company issued a standard home owners' policy to Raul Garza and wife, who own property and reside in Corpus Christi, Texas.

On or about March 4, 1972, J. L. Reasonover was seriously injured while attempting to start a pump for Garza. Upon attempting to start the pump, it blew up in Reasonover's face causing extensive injuries to his face. Reasonover then filed suit against Garza for personal injuries alleging that:

"On or about March 4, 1972, the Defendant was the owner of a tract of land in Starr County, Texas near the town of Rosita. Located on the property was an irrigation pump. On said date the Plaintiff was assisting the Defendant's wife in starting the irrigation pump when the guard on the drive shaft came off and struck the Plaintiff on the face causing him severe injuries. Plaintiff would show that the Defendant, Raul Garza, had shortly prior to the incident disassembled the irrigation pump. When putting it back together, he was unable to find the screws for the guard and used instead a piece of coat hanger wire. Plaintiff would further show that the wire holding the guard in place over the drive shaft was not open and obvious and that he was not warned of such defective condition. Plaintiff alleges that the act of the Defendant in using a piece of coat hanger wire in reassembling the pump was negligence and the proximate cause of the Plaintiff's injuries."

After Reasonover filed suit against Garza and Garza was served with process, he notified his insurance company of the suit and furnished them with a copy of the petition calling on the company to defend him. The insurance company then filed this suit in the form of a declaratory judgment against Garza, his wife, and Reasonover asking the court: 1) to declare that the insurance company be relieved of any responsibility to defend the insured in the suit filed by Reasonover or any suit which may name the insureds as defendants; 2) to declare that under the circumstances, the insured has no coverage for the accident in question; and 3) to declare that the insurance company will have no liability for any judgment which may be rendered against defendants Raul Garza and wife, Carmela G. Garza, in favor of J. L. Reasonover.

The trial court entered judgment against the insurance company declaring: 1) that the insurance company was obligated to defend Garza in the suit filed by Reasonover; 2) that the insurance policy in question covered Garza and his wife and was applicable to the injuries sustained by Reasonover; 3) that the insurance company was obligated to pay any judgment rendered on behalf of Reasonover against Garza to the limits of the liability provided in the policy.

The insurance company appeals under one point of error that: the case should be reversed because the trial court erred in failing to render judgment for the insurance company when it was alleged by claimant Reasonover that he was injured by the malfunction of an irrigation pump located on land owned by the insured Garza and the parties had contracted in writing that there would be no coverage for such an occurrence.

The contract provided that the Garzas would have personal liability insurance under coverage D of their policy as follows:

"To pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, *even if any of the allegations of the suit are groundless, false or fraudulent;* but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

The insurance policy excluded certain coverages. It stated that:

"Coverage D shall not apply:

. . . 3. to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an Insured, but this does not apply with respect to bodily injury to residence employee arising out of and in the course of his employment by the Insured; . . ."

The definition of premises in the policy is as follows:

"The term 'premises' means, unless otherwise indicated:

1. all premises where the Named Insured or his spouse maintains a residence and includes private approaches thereto and other premises and private approaches thereto for use in connection with said residence, except business property and farms;

2. individual or family cemetery plots or burial vaults;

3. premises in which an Insured is temporarily residing, if not owned by an Insured;

4. vacant land, other than farm land, owned by or rented to an Insured. Land shall not be deemed vacant following the commencement of any construction operations thereon unless such operations are being performed solely by independent contractors in connection with the construction of a one or two family dwelling for the Insured."

The insurance company argues that it is entitled to a judgment as a matter of law because Reasonover's suit alleged that the Garzas owned the premises in question and that as a matter of law, the policy of insurance excluded premises "owned" by the insured "other than as defined". In this connection, the appellant states that since the insured and his spouse maintained a residence in Corpus Christi and the accident occurred in Starr County, the land where the accident occurred would not fit the definition of "premises". The company argues that it does not have a duty to defend

Garza because the accident in question did not: 1) occur at the residence or any private approach to the residence of the insured (exclusion number one above); 2) that it was obvious that the accident did not occur at an individual or family cemetery plot (exclusion number two above); 3) that since the land in question was allegedly owned by the insured and the insured had a permanent residence, it could not be a temporary residence of the insured (exclusion number three above); and finally because the accident did not occur on "vacant land" owned by the insured, there was no coverage. The insurance company says that the land described in the complainant's petition could not be vacant as a matter of law because an irrigation pump was located on it.

The first question posed by insurer in its declaratory judgment suit presents a question involving an "actual controversy", that being whether the insurance company had a duty to defend its insured in an existing tort claim against him. There being an actual controversy existing with respect to insurer's duty to defend its insured, the question was a proper one for determination in a suit for declaratory relief. See *Campbell v. Commercial Standard Insurance Company*, 502 S.W.2d 232 (Tex.Civ. App., Fort Worth 1973, writ ref'd n. r. e.). Thus, our only question in this respect is whether the trial court erred in declaring that the insurer had a duty or obligation to defend its insured, Garza, (in Cause No. 115,987–B, styled *T. L. Reasonover, Plaintiff, vs. Raul Garza, Defendant*) pending in the 117th District Court of Nueces County, Texas. The trial court found the duty to defend did exist. We hold that the trial court was correct in this determination.

Our Supreme Court in *Heyden Newport Chemical Corporation v. Southern General Insurance Company*, 387 S.W.2d 22 (Tex. Sup.1965), stated: "that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to

the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof." Thus, the issue involved depends not upon ultimate liability, established after trial on the merits, of the insurer for the damages sustained; but upon the provision of the policy[1] wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless. In such instance, in testing the liability of the insurer to defend, proof is not material. Liability depends upon the allegations of the plaintiff's petition (in the damage action). *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex.Sup.1973); *Maryland Casualty Co. v. Moritz,* 138 S.W.2d 1095 (Tex.Civ.App., Austin 1940, writ ref'd).

█ In order then, to determine the liability of an insurance company to defend a lawsuit against one of its insureds, the allegations of the complainant should be considered without reference to their truth or falsity; without reference to what the parties know or believe the true facts to be; and without reference to a legal determination thereof. The final and ultimate decision as to an insurance company's duty to defend is not limited to a narrow construction of a complainant's petition. In testing the liability of the insurer to defend, proof of the allegations are not material. If such a petition alleges facts, liberally construed, that would bring the case within the coverage of the policy without reference to the validity of the allegations, the insurer must defend its insured. *Heyden Newport Chemical Corporation v. Southern General Insurance Company,* supra. In the *Heyden* case, the Supreme Court set out the following statement:

"Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, *potentially,* a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, *such doubt will be resolved in insured's favor.*" (Emphasis added.)

Following these guidelines, we find that the facts alleged are sufficient to require the insurance company to defend the Garzas. Although there may be some question as to whether or not the injury occurred on "vacant land" for which coverage is provided, such doubt must be resolved in the insured's favor. The word "vacant" means unoccupied. An isolated irrigation pump sitting on the land in question does not make the land occupied. For the above reasons, we hold that the complainant stated facts sufficiently in the pleadings so as to make Fort Worth Lloyds obligated to defend its insureds.

█ With respect to the other questions posed by the insurer in its declaratory judgment suit, i. e., whether the injury sustained by J. L. Reasonover was covered by the terms of the policy, and whether the insurer was obligated to pay any judgment which may thereafter be rendered in favor of Reasonover against Garza, such questions do not present real controversies between the parties, which should actually be determined by the judicial declaration sought. If Reasonover should fail to establish his case against Garza, these two questions raised by insurer's suit would be purely academic. The above questions are in essence hypothetical questions which are not a proper subject in a declaratory judgment suit. There is no liability issue now in

[1] ". . . and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent."

controversy except that involved in the personal injury case pending between J. L. Reasonover and Garza. If any controversy should subsequently arise between the insured and his insurer as to coverage of the policy, it can be litigated subsequent to a determination of whether or not Garza had committed a tort which would render him liable in damages to Reasonover. Since this determination of liability is still pending in the untried case of *Reasonover v. Garza,* the existence of a controversy as to "coverage" is dependent upon the happening of a future event.

In *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.Sup.1968), our Supreme Court expressly approved the holding in *Prashker v. United States Guarantee Company,* 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956), where a similar question existed to that now before us. The New York Court held in a unanimous opinion that the insurance company was bound to defend the Weissman action but that the suit to declare whether or not the insurance company was liable on the policy was premature and must await the disposition of the Weissman action. See also *American Fidelity & Casualty Co. v. Service Oil Co.,* 164 F.2d 478 (4th Cir. 1947).

■ The Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an "actual controversy", even though such questions may in the future require adjudication. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.Sup.1968); *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). There must be a real controversy between the parties, which will be actually determined by the judicial declaration sought. *United Services Life Insurance Company v. Delaney,* 396 S.W.2d 855 (Tex.Sup.1965); *Board of Water Engineers Of The State v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722 (1955).

■ The courts do not make mere hypothetical adjudication where there is no justiciable controversy presently before the court, or where the existence of a controversy is dependent upon the happening of future events. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* supra. We believe that these two questions posed by the insurer in its declaratory judgment suit presented no justiciable controversy because the existence of a controversy was dependent on the happening of a future event, a determination of whether Garza was liable in the tort action filed by Reasonover. Until that determination is made, there exists no actual controversy for which declaratory relief with respect to those two questions posed above is proper.

The judgment of the trial court relating to the duty of the insurance company to defend is affirmed. That portion of the judgment purporting to declare the rights and obligations of the insurance company under its contract of insurance issued to Raul Garza is reversed. The costs on appeal are adjudged one-half (½) to appellant and one-half (½) to appellees.