**RANGER INSURANCE COMPANY, Appellant,**

v.

**MUSTANG AVIATION, INC., Appellee.**

**No. 4858.**

Court of Civil Appeals of Texas, Eastland.

Feb. 19, 1976.

Rehearing Denied March 11, 1976.

John H. Martin, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Robert C. Johnson, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Ranger Insurance Company, sued defendant, Mustang Aviation, Inc., seeking a declaratory judgment. Defendant answered and then filed a motion to dismiss for want of jurisdiction which was granted. Ranger Insurance Company has appealed. We affirm in part and reverse and remand in part.

Plaintiff alleged it had issued a policy of insurance to defendant covering certain designated aircraft. The policy was attached to and made a part of plaintiff's petition. Plaintiff alleged that on September 21, 1973, an aircraft owned and operated by Bromley Corporation crashed in the State of Louisiana killing the pilot and six passengers; that two separate lawsuits "(*Merritt, et al. v. Mustang Aviation, Inc.*, No. 74–858–W.D.La., Shreveport Div. and *Croce, et al. v. Mustang Aviation, Inc.*, No. CA–3–74–843–B–N.D.Tex., Dallas Div.)" had been filed on behalf of the six passengers against Bromley and Mustang Aviation; that the plaintiffs in the two lawsuits alleged in their pleadings that prior to the accident in question Mustang Aviation entered into an agreement with Variety Theater International, Inc., whereby Mustang Aviation promised to provide one of its airplanes and pilots to transport the decedents to various locations, and that as a result of a subsequent contract between

Mustang Aviation and Bromley, Mustang became liable for the acts of Bromley.

In the instant suit, Ranger Insurance Company pleaded its policy of insurance covered only specifically numbered and designated aircraft, aircraft newly acquired by the named insured, and substitute aircraft used in place of aircraft owned by the named insured which were withdrawn from normal use temporarily due to breakdown, repair, servicing, loss or destruction. Plaintiff further alleged that the "Exclusions" section of the policy states that the policy does not apply:

"to any liability assumed by the Insured under any contract or agreement or to any loss or damage to the aircraft for which the Insured has assumed the liability of others."

In the Paragraph IV of its petition, plaintiff alleged:

". . . that there is clearly no coverage for the aircraft in question under the terms of the above-described insurance policy and that Plaintiff Ranger Insurance Company therefore has no duty to defend the above-described lawsuits which have been instituted against Mustang Aviation, Incorporated, or any other lawsuits which may arise out of this occurrence . . ."

It is apparent from plaintiff's petition it sought a declaratory judgment that it had no duty to defend the two pending lawsuits filed against Mustang, or any other lawsuit which might arise out of the occurrence, or pay any judgment rendered as a result of any suit arising out of the September 21, 1973, crash in Louisiana.

Defendant's motion to dismiss plaintiff's petition for want of jurisdiction alleged that plaintiff's suit seeking a declaratory judgment that plaintiff had no obligation to pay any judgment rendered as a result of the "Federal Court" actions brought against Mustang, did not present a justiciable issue. Defendant also alleged that no justiciable issue existed as to whether defendant had an obligation to defend Mus-

tang Aviation "in the suits now pending against Defendant in the Federal Courts styled and docketed as mentioned in Plaintiff's Original Petition for Declaratory Judgment."

■ The trial court was correct in dismissing for want of jurisdiction that part of plaintiff's claim seeking a determination that it had no obligation to pay any judgment rendered as a result of the two pending lawsuits or any other lawsuits arising out of the occurrence. To this extent plaintiff sought a purely advisory opinion which the court had no jurisdiction to render. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). Plaintiff does not appeal this portion of the court's order of dismissal. Also, the court had no jurisdiction to determine plaintiff's obligation to defend "any action" resulting from the September 21, 1973, crash other than the two pending lawsuits described in plaintiff's petition.

Defendant contends that as to plaintiff's obligation to defend the two pending suits, plaintiff is asking the court to pass upon a hypothetical matter since the complaints in the two "Federal Courts" could be amended. We disagree. Plaintiff alleged that its insured, Mustang Aviation, Inc. had been sued in two separate suits. It alleged that under the existing petitions in those specific lawsuits it had no duty to defend. Plaintiff alleged a justiciable controversy. *Fort Worth Lloyds v. Garza*, 527 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1975, writ ref. n. r. e.).

The court in *Burch*, supra, clearly distinguished between the court's jurisdiction to determine the duty to defend as opposed to determining ultimate liability. The court held that the duty to defend presented a justiciable issue.

■ Defendant argues the trial court was correct in dismissing plaintiff's petition because in the prayer plaintiff specifically sought only a determination that it had no obligation to "defend any action" brought

against defendant arising out of the occurrence. We think it is clear plaintiff sought a determination of its duty to defend the two pending lawsuits. Defendant's motion to dismiss was directed to the two pending "Federal lawsuits." The prayer seeking a determination of plaintiff's duty to defend any action included a request that the court determine plaintiff's duty to defend the two pending cases which were specifically pleaded.

Defendant also argues the order of dismissal was proper because the matter is moot. We disagree. Defendant alleged in its answer that plaintiff had agreed to and had undertaken the defense of the two pending suits. The trial court found that plaintiff, "under reservation of rights agreement," had agreed to defend Mustang in the two "Federal lawsuits" and had employed an attorney to defend Mustang. The record reflects that no evidence was introduced at the hearing to dismiss and there is no proof of any nature in the record concerning the defense of the two pending suits. The record consists of the transcript which includes copies of plaintiff's original petition, defendant's answer, defendant's motion to dismiss, order of dismissal, and findings of fact and conclusions of law. Plaintiff states in its brief, which is not controverted, that it had been permitted to present evidence at a trial on the merits, it would have shown that in the reservation of rights and non-waiver agreements, defendant and plaintiff expressly agreed that plaintiff retained the right to institute at any time after the execution of the non-waiver agreement a declaratory judgment suit to determine the rights of the parties under the contract of insurance. The record does not disclose that the matter is moot.

That portion of the order dismissing plaintiff's suit seeking a determination of plaintiff's duty to defend the two pending cases is reversed and remanded. In all other respects, the judgment of the trial court is affirmed.

RALEIGH BROWN, J., not participating.