Herby GONZALES, Appellant,

v.

AMERICAN STATES INSURANCE COMPANY OF TEXAS, Appellee.

No. 2171.

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1982.

William A. Orr, Jr., Bay City, Russell H. McMains, Edwards & Perry, Corpus Christi, Ernest H. Cannon, Ernest Cannon & Associates, Houston, for appellant.

Larry Funderburk, Funderburk & Funderburk, Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a declaratory judgment. American States Insurance Company of Texas (hereinafter "American States") filed a petition in the 23rd District Court of Matagorda County seeking a declaratory judgment that it had no duty to defend Herby Gonzales (hereinafter "Gonzales") in a suit filed against him. Following a trial before the court, judgment was rendered in favor of American States. Gonzales has appealed.

Gonzales is the insured in a liability insurance policy issued by American States. The lawsuit in which Gonzales seeks to have American States defend him arose from injuries received by Tony Perez, Jr., a minor, when his leg was caught in an ice auger at the Palacios Fuel and Ice Co. Gonzales welded a grate or guard which was placed over the auger.

American States contends that the Perez suit is within the "completed operations hazard" exclusion. The policy defines "completed operations hazard" as follows:

" 'completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) When all operations to be performed by or on behalf of the named insured under the contract have been completed.

(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed complete."

In this case, American States refused to defend Gonzales on the ground that its investigation of the Perez suit disclosed that the events giving rise to the suit came within the "completed operations hazard" exclusion.

The first point of error presented by Gonzales reads:

"THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR APPELLEE BECAUSE THE UNDISPUTED EVIDENCE SHOWS THAT THE 'COMPLETED OPERATIONS HAZARD' AND THE 'PRODUCTS LIABILITY HAZARD' POLICY EXCLUSIONS ARE NOT APPLICABLE TO APPELLANT AND DO NOT RELIEVE APPELLEE OF ITS DUTY TO DEFEND APPELLANT IN THE *PEREZ* ACTION."

The point attacks the judgment on the ground that the evidence, in effect, conclusively shows that the "completed operations hazard" exclusion does not apply to this case. Our review of this case is therefore limited to an examination of the evidence and a determination of whether the "completed operations hazard" exclusion applies. Before doing this, however, we must ascertain what evidence may be considered in determining this issue.

In his supplemental brief and oral argument, Gonzales argues that the insurer's duty to defend must be determined solely from the allegations in the Perez petition, without regard to the evidence adduced at the trial on the declaratory judgment action. In support of this argument, he cites *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633 (Tex.1973), *Heyden Newport Chemical Corp. v. Southern General Ins. Co.*, 387 S.W.2d 22 (Tex.1965), and *Fort Worth Lloyds v. Garza*, 527 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ The cases cited by Gonzales set forth the general rule that the insurer's duty to defend is determined by the allegations of the petition without reference to the truth or falsity of such allegations. A careful reading of these cases, however, discloses that the allegations referred to are allegations as to the insured's liability. In other words, no legal determination of the insured's ultimate *liability* is required before the insurer's duty to defend arises. *Heyden Newport Chemical Corp. v. Southern General Ins. Co.*, supra, at 25. But where the petition does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy, the evidence adduced at the trial in a declaratory judgment action may be considered along with the allegations in the petition. *Fort Worth Lloyds v. Garza*, 527 S.W.2d 195, 196 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

In *Fort Worth Lloyds*, an insurance company brought a declaratory judgment action to determine whether it had a duty to defend its insured in a pending suit. In that case, this Court held:

"Where such course of action is taken by an insurance company and facts are developed, *we see no reason why such facts cannot be used along with those contained in the complainant's petition.*" (Emphasis added). Id. at 196.

In *International Service Ins. Co. v. Boll*, 392 S.W.2d 158 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) a liability insurance policy contained an endorsement which excluded coverage of "any claim arising from accidents which occur while any automobile is being operated by Roy Hamilton Boll." The fact that Roy Hamilton Boll was the insured's son was not disclosed in the policy. The issue in the case was whether the insurer was obligated to defend a suit which alleged only that the automobile in question was driven by the insured's son, without naming the son. The court held that since Roy Hamilton Boll was the insured's only son, *a fact not apparent from the petition,* the insurer was not obligated to defend the suit because of the exclusive endorsement. Id. at 161.

In *Cook v. Ohio Casualty Ins. Co.*, 418 S.W.2d 712 (Tex.Civ.App.—Texarkana 1967, no writ), the issue was whether facts outside the claimant's petition could be considered in determining the insurer's duty to defend. The court, relying on *Boll*, held that the duty to defend is not determined solely from the claimant's petition when the coverage of the insurance policy is in question. Id. at 715. The court distinguished *Heyden Newport Chemical* on the basis that it involved the *merit* of the claim, rather than *coverage*.

From the above cited cases, we ascertain that the following rules are applicable in the case now before us in this appeal. Where the insurance company refuses to defend its insured on the ground that the insured is not *liable* to the claimant, the allegations in the claimant's petition control, and facts extrinsic to those alleged in the petition *may not be used* to controvert those allegations. But, where the basis for the refusal to defend is that the events giving rise to the suit are *outside the coverage* of the insurance policy, facts extrinsic to the claimant's petition *may be used* to determine whether a duty to defend exists.

In this case, the Perez petition, which was admitted into evidence, alleges that the plaintiff was "severely injured by a piece of equipment manufactured, assembled, inspected, supplied, sold, and/or leased, operated and installed *and owned by the Defendants.*" (emphasis added). The allegation that Gonzales, one of the defendants, *owned* the piece of equipment which injured Perez is within the *coverage* of the American States policy. Evidence tending to show that Gonzales *did not own* the ice auger cannot be considered, under the above stated rules, because such evidence pertains to the issue of *liability* rather than *coverage.* The allegation in the Perez petition that Gonzales *owned* the ice auger must be taken as true. While this allegation may not be true, it clearly alleges a cause of action not coming within the "completed operations hazard."

Since the "completed operations hazard" exclusion, by its terms, applies only to operations rather than ownership, we hold that the undisputed evidence, i.e., the Perez petition standing alone, shows that the exclusionary provision does not apply to Gonzales and does not relieve American States of its duty to defend Gonzales. Accordingly, the judgment of the trial court is reversed, and judgment is here rendered declaring that American States is under a duty to defend Gonzales in the action styled "Tony Perez, Jr., et al vs. Palacios Fuel & Ice Co., et al," now pending in the 23rd Judicial District Court of Matagorda County, Texas.

REVERSED AND RENDERED.