**BLUE RIDGE INSURANCE COMPANY**

v.

**HANOVER INSURANCE COMPANY.**

Civ. A. No. CA4–88–207–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 2, 1990.

Luis Galindo, Murphy, Shrull, Moore & Bell, Fort Worth, Tex., for plaintiff.

Joseph W. Stewart, Steven R. Pierret, Stewart, Colaneri & Associates, P.C., Arlington, Tex., for defendant.

MEMORANDUM OPINION
AND ORDER

McBRYDE, District Judge.

Came on to be considered (a) Motion for Summary Judgment of defendant, Hanover Insurance Company ("Hanover"), and (b) Motion for Partial Summary Judgment of plaintiff, Blue Ridge Insurance Company ("Blue Ridge").

*Memorandum Opinion*

The Court has concluded from the record now before the Court that defendant is entitled to judgment as a matter of law and that there is no genuine issue of fact that would cause grant of summary judgment to defendant to be inappropriate.

This is a diversity action. The controversy grows out of earlier litigation that was prosecuted in a state court of Texas by Lynne Nannette Parker ("Parker"), as plaintiff, against Jimmy Beech ("Jimmy"),

Scottie L. Beech, ("Scottie"), Southern Ionics, Inc. ("Southern"), and another party, as defendants, for recovery of damages resulting from a motor vehicle accident that occurred in October 1986. Parker was injured when her vehicle was struck by a vehicle owned by Southern and operated by Scottie, and she sought to recover bodily injury damages she alleged she suffered in the accident. Her state court petition alleged that Scottie had liability to her because of his negligent operation of the Southern vehicle and she sought to impose liability on Jimmie and Southern by alleging that:

## V.

On the date in question, Plaintiff was struck by a 1984 pickup truck owned or leased by Defendant, SOUTHERN IONICS, INC., and driven by SCOTTIE L. BEECH, a minor. Plaintiff believes that Defendant JIMMY BEECH was an employee of Defendant SOUTHERN IONICS, INC., at the time of the collision who, as part of his employment with SOUTHERN IONICS, INC., had been given the custody of the vehicle driven by SCOTTIE L. BEECH and the authority to give SCOTTIE L. BEECH permission to drive the said vehicle; and while within the scope of his employment with SOUTHERN IONICS, INC., JIMMY BEECH had given his son SCOTTIE L. BEECH, a minor, permission to drive such vehicle. As the employer of JIMMY BEECH and the owner or lessor of the vehicle, SOUTHERN IONICS, INC., had entrusted SCOTTIE L. BEECH with the vehicle in that it had authorized JIMMY BEECH to give to his son, SCOTTIE L. BEECH, a minor, permission to drive the vehicle, and was responsible and legally liable for the acts and conduct of SCOTTIE L. BEECH regarding the use of the vehicle.

## VI.

At the time of the accident in question and prior thereto, Defendant SCOTTIE L. BEECH was an inexperienced, careless, negligent, and incompetent driver who had had his driver's license for less than six months. Defendants JIMMY BEECH and SOUTHERN IONICS, INC., knew, or in the exercise of ordinary care should have known, and were charged by law with acquiring knowledge of, Defendant SCOTTIE L. BEECH's driving history, record, and habits. Despite such knowledge, Defendants JIMMY BEECH and SOUTHERN IONICS, INC., entrusted a vehicle to Defendant SCOTTIE L. BEECH for the purpose of operating it on the public streets and highways. Such entrustment was both ordinary and gross negligence, and after such entrustment, SCOTTIE L. BEECH's negligence was a proximate cause of the injuries and damages claimed by Plaintiff.

Hanover provided automobile liability insurance coverage to Southern at the time of the motor vehicle accident. The Court is assuming for the purpose of this opinion that the vehicle Scottie was operating at the time of the accident was an "owned automobile" within the meaning of the insurance policy issued by Hanover to Southern (the "Hanover Policy"). The only provisions in the Hanover Policy that could possibly cause Scottie or Jimmy to be insured under the automobile liability insurance section of the policy are the parts of the policy that say that those who are provided liability insurance coverage under the policy include:

(c) any other person while using an owned automobile or a hired automobile with the permission of the *named insured*, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . . .

. . . . .

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under . . . (c) above. (emphasis added)

Southern is the "named insured" in the Hanover policy.

At the time of the motor vehicle accident Jimmy was the holder of a Texas Personal

Auto Policy issued by Blue Ridge (the "Blue Ridge Policy"). Blue Ridge pleads in the instant case that the Blue Ridge Policy provided automobile liability coverage to Jimmy and Scottie in relation to the motor vehicle accident and the litigation brought by Parker. And, Blue Ridge alleges that Hanover had an obligation under the Hanover Policy to provide a defense to Jimmy and Scottie in the Parker litigation and to accomplish settlement of the claims made against Scottie and Jimmy in that litigation, that Hanover refused to provide such a defense or to provide indemnification to the Beeches related to the claims being made against them in that litigation, and that, because of Hanover's refusal to do those things, Blue Ridge was required to assume defense of the Beeches in the litigation (with the result that it incurred litigation expenses and attorneys' fees) and to make payment to Parker of a sum of money in settlement of her claims against the Beeches.

Blue Ridge contends that, as between it and Hanover, Hanover was the primary insurer for the Beeches as to the Parker litigation. The contentions of Blue Ridge go on to assert that Hanover's conduct in failing to defend the Beeches in the Parker litigation and in failing to accomplish settlement of Parker's claims against the Beeches constituted breaches of Hanover's insuring obligations to the Beeches. And, Blue Ridge alleges that because of the expenses incurred by Blue Ridge in defense of the Beeches and the payment made by Blue Ridge in settlement of Parker's claims against the Beeches, Blue Ridge has become equitably subrogated to the causes of action the Beeches have against Hanover because of Hanover's alleged failures to perform its alleged insuring obligations.

Other causes of action are alleged by Blue Ridge against Hanover, but each of them is predicated on the merit of Blue Ridge's contention that the Hanover Policy imposed defense and payment obligations on Hanover in relation to the Parker litigation and claims.

■ Hanover maintains that it has no obligation to the Beeches under the Hanover Policy because neither of the Beeches is an insured under the Hanover Policy as to operation of the Southern vehicle at the time of the accident. Affidavits submitted to the Court by Hanover in support of its motion for summary judgment establish facts, which are not disputed by other summary judgment evidence, that cause there to be no coverage for Scottie or Jimmy under the Hanover policy. The affidavits prove without dispute that, though Jimmy (who is the father of Scottie) had permission as an employee of Southern to use the vehicle, he was prohibited from allowing anyone other than an employee of Southern to use the vehicle. There is no contention that Scottie was an employee of Southern. Consequently, the use of the vehicle at the time of the accident by Scottie was not with permission of the "named insured" in the Hanover Policy.

Because the "actual operation" by Scottie of the vehicle in question was not with the permission of Southern, Scottie was not an insured under the Hanover Policy. By the same token, Jimmy cannot claim to be an insured under the Hanover Policy as to the accident in question because at the time of the accident he was not using the vehicle with the permission of Southern and the use of the vehicle at the time of the accident was not within the scope of any permission granted by Southern relative to use of the vehicle. Because Scottie is not an insured under the Hanover Policy, Jimmy cannot qualify as an additional insured by reason of the conduct of Scottie through the (d) part of the policy mentioned on page 471 of this Memorandum Opinion and Order.

Due to the circumstance that neither of the Beeches qualifies as an insured under the Hanover Policy as to the motor vehicle accident and Parker litigation, neither of them has any rights under the Hanover Policy as to such accident or litigation.

■ Blue Ridge argues that, regardless of the true facts, the existence in Parker's state court pleading against the Beeches and Southern of the false allegation that Scottie was operating the vehicle with the permission of Southern, granted through Jimmy with Southern's authorization, caused Hanover to have at least an obli-

gation to defend the Beeches in the litigation. In support of its contention, Blue Ridge relies on Texas court decisions to the effect that a liability insurance company's defense obligation as to a defendant in a particular case depends on the allegations made against the defendant in that case. The rule of law expressed in those court decisions is not applicable here.

The court decisions upon which Blue Ridge relies grow out of policy language, such as is found in the Hanover Policy, that the insurer shall have the right and duty to defend any suit against an "insured" seeking damages on account of bodily injury even if "the allegations of the suit are groundless, false or fraudulent." Those decisions assume as a predicate for application of the rule they express that the person claiming a right to a defense is an insured. Blue Ridge's case authorities do not mean that a person who is not an insured under an insurance policy is to be treated as one for defense purposes just because of false allegations made by the damage suit plaintiff. The status of "insured" is to be determined by the true facts, not false, fraudulent or otherwise incorrect facts that might be alleged by a personal injury claimant, Parker in this case. In *Gonzales v. American States Ins. Co. of Tex.*, 628 S.W.2d 184, 187 (Tex. Civ.App.—Corpus Christi 1982, no writ), the court made an important distinction that explains why Blue Ridge's case authorities are inapplicable here:

> Where the insurance company refuses to defend its insured on the ground that the insured is not *liable* to the claimant, the allegations in the claimant's petition control, and facts extrinsic to those alleged in the petition *may not be used* to controvert those allegations. But, where the basis for the refusal to defend is that the events giving rise to the suit are *outside the coverage* of the insurance policy, facts extrinsic to the claimant's petition *may be used* to determine whether a duty to defend exists. (emphasis by court)

The summary judgment record in this case establishes without dispute that the true facts are that neither of the Beeches was an insured under the Hanover Policy. Therefore, Hanover did not have any insuring obligation under the Hanover Policy to either of the Beeches in reference to the Parker litigation or claims. From that the conclusion follows that Blue Ridge has no cause of action through the Beeches, or otherwise, based on the failure of Hanover to extend benefits or protection to the Beeches under the Hanover Policy. Thus, Hanover's motion for summary judgment should be granted.

### Order

The Court, therefore, ORDERS that the motion for summary judgment of defendant, Hanover Insurance Company, should be, and is hereby, granted, that plaintiff is denied any recovery from defendant, that this action by plaintiff against defendant should be, and is hereby, dismissed, and that defendant shall recover its costs of court from plaintiff.

From the rulings made above, it necessarily follows that plaintiff's motion for partial summary judgment should be denied.

The Court, therefore, ORDERS that plaintiff's Motion for Partial Summary Judgment should be, and it is hereby, denied.