Affirmed and Majority and Dissenting Opinions filed May 26, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00860-CV

___________________

 

Weingarten Realty Management Company and
Scottsdale Insurance Company, Appellants

 

V.

 

Liberty Mutual Fire Insurance Company,
Appellee



 



 

On
Appeal from the 151st District Court

Harris County,
Texas



Trial Court Cause No. 2006-70622

 



 

 

DISSENTING OPINION

Under Texas law, the eight-corners
rule is used to determine whether an insurer has a duty to defend.  The Supreme
Court of Texas has never recognized an exception to this rule, and in several
cases, our high court has pronounced that if it were ever to recognize an
exception to this rule it would do so only within a very narrow set of
circumstances.  Under these cases, this court may not recognize an exception to
the eight-corners rule outside the context specified by the Supreme Court of
Texas.  Because the case under review does not fit within this context, the
majority errs in recognizing an exception to this important rule of Texas
jurisprudence.

General Principles of the Eight-Corners Rule

            In determining a duty to
defend, Texas courts follow the eight-corners rule, also known as the complaint-allegation
rule: “‘an insurer’s duty to defend is determined by the third-party plaintiff’s
pleadings, considered in light of the policy provisions, without regard to the
truth or falsity of those allegations.’”  Zurich American Ins. Co. v. Nokia,
Inc., 268 S.W.3d 487, 491 (Tex. 2008) (quoting GuideOne Elite
Ins. Co v. Fielder Road Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006)).  Thus, “‘[e]ven if the allegations are groundless, false, or
fraudulent the insurer is obligated to defend.’”  Id. (quoting 14 Couch
on Insurance § 200:19).  We resolve all doubts regarding the duty to defend in
favor of the existence of a duty, and we construe the pleadings liberally.  Id. 
If the petition does not contain factual allegations sufficient to clearly
bring the underlying case within or without the coverage, the general rule is
that the insurer is obligated to defend if, potentially, there is a case under
the petition within the coverage of the policy.  Id.  The duty to defend
is not affected by facts ascertained before suit or developed in the course of
litigation, or by the ultimate outcome of the suit.  Id.  If a petition
potentially includes a covered claim, the insurer must defend the entire suit. 
Id.  

            Despite
various requests over the years to recognize exceptions to the eight-corners
rule, the Supreme Court of Texas has never done so.[1] See Pine Oak Builders, Inc. v.
Great Am. Lloys Ins. Co., 279 S.W.3d 650, 654–56 (Tex. 2009).  Though, as explained
below, our high court discussed in GuideOne the possibility of
recognizing an exception to this rule, it did not do so, and our high court has
continued to emphasize the importance of adherence to the eight-corners rule.  See
Burlington Northern and Santa Fe Ry. Co. v. Nat’l Union Fire Ins. Co. of
Pittsburgh, 334 S.W.3d 217, 219 (Tex. 2011) (stating that “the
determination as to duty to defend is according to the eight-corners rule
wherein only the pleadings and the policy language are considered”); D.R.
Horton-Texas Ltd. v. Markel Int’l Ins. Co., 300 S.W.3d 740, 744 (Tex. 2009)
(stating that the “analysis of the duty to defend has been strictly
circumscribed by the eight-corners doctrine”); Nokia,
Inc., 268 S.W.3d at 497 (stating that “while
Maryland has recognized exceptions, in some limited circumstances, to the
eight-corners rule, Texas has not”) (quotations omitted); GuideOne
Elite Ins. Co., 197 S.W.3d at 308–11 (discussing possibility of adopting exception
to eight-corners rule); King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187
(Tex. 2002) (stating that “[a]n insurer’s duty to defend is determined solely
by the allegations in the pleadings and the language of the insurance policy”).

 

Judicial
Dicta as to Any Potential Exception to the Eight-Corners Rule

 

            In GuideOne, the Supreme Court of Texas held
that it would not recognize an exception to the eight-corners rule under the
circumstances of that case, which are not the same circumstance as those in the
case under review.  See GuideOne Elite Ins. Co., 197 S.W.3d at 308–11.  Nonetheless,
beyond this holding, the GuideOne court made deliberate statements for
future guidance in the conduct of litigation.  See Edwards v. Kaye, 9
S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  These
statements are judicial dicta binding on this court.  See id.  

            According to the United States Court of Appeals
for the Fifth Circuit, the teaching of GuideOne is that, though the
Supreme Court of Texas may never recognize an exception to the eight-corners
rule, if it were to recognize an exception, it would do so only in the narrow
circumstance in which “‘it is
initially impossible to discern whether coverage is potentially implicated and
when the extrinsic evidence goes solely to a fundamental issue of coverage
which does not overlap with the merits of or engage the truth or falsity of any
facts alleged in the underlying case.’” Liberty Mut. Ins. Co. v. Graham,
473 F.3d 596, 600–601 (5th Cir. 2006) (quoting GuideOne Elite Ins. Co.,
197 S.W.3d at 309, and applying Texas law).  After the Fifth Circuit decided Graham,
the Supreme Court of Texas, in the Nokia case, embraced this characterization
of GuideOne.  See Nokia, Inc., 268 S.W.3d at 497–98.  The Nokia court described
the foregoing narrow situation in which an exception to the eight-corners rule
might be recognized.  See id. at 497.  The court then concluded that,
even if the extrinsic evidence in Nokia pertained solely to coverage,
the circumstances in Nokia did not fit within the narrow situation in
which an exception might be granted because it was not “‘initially impossible to discern whether coverage
is potentially implicated.’”  Id. at 498 (quoting
GuideOne Elite Ins., 197 S.W.3d at 309).  

            The Supreme Court of Texas’s opinion in Pine
Oak Builders, Inc. also supports this reading of GuideOne.  See
Pine Oak Builders, Inc., 279 S.W.3d at 654–55.  In Pine Oak Builders,
the high court concluded that the potential exception to the eight-corners rule
mentioned in GuideOne did not apply because the proffered extrinsic
evidence contradicted allegations of the underlying petition.  See id.

            In the case under review, the majority concludes
that, under GuideOne, the following circumstances must be present before
the Supreme Court of Texas might consider an exception to the eight-corners
rule:  “the extrinsic evidence must go strictly to an issue of coverage without
contradicting any allegation in the third-party claimant’s pleadings material
to the merits of that underlying claim.”  Ante at p.9.  Though parts of
the GuideOne opinion examined in isolation might lead to the conclusion
the majority reaches today, subsequent supreme court decisions have clarified
that the situation in which the supreme court might recognize an exception are
more constricted than the majority recognizes.  See Pine Oak Builders, Inc.,
279 S.W.3d at 654–55; Nokia, Inc., 268 S.W.3d at 497–98; GuideOne Elite Ins. Co.,
197 S.W.3d at 308–10.  Under current law, the Supreme Court of Texas will not
consider an exception to the eight-corners rule unless “‘it is initially impossible to discern
whether coverage is potentially implicated and when the extrinsic
evidence goes solely to a fundamental issue of coverage which does not overlap
with the merits of or engage the truth or falsity of any facts alleged in the
underlying case.’”  Nokia, Inc., 268 S.W.3d at 497 (quoting GuideOne Elite Ins.
Co., 197 S.W.3d at 309).  The majority misses the mark in its description
of the circumstances under which the Supreme Court of Texas might consider an
exception to the eight-corners rule.  

This Case
Does Not Fall With the Potential Narrow Exception Described by the Supreme
Court of Texas

            

            For several reasons, the
circumstances of the case under review do not fall within the narrow situation
described by the Supreme Court of Texas as a potential exception to the
eight-corners rule.  In her pleadings in the underlying case, Connie Johnson
alleged that Weingarten Realty Management Company owned the real property on
which she was assaulted and that Weingarten had leased the store location to
Johnson’s employer at the time of the robbery and assault.  Johnson also alleged that Weingarten (1) was in
control of the premises on which Johnson’s injuries occurred when she sustained
these injuries, (2) knew that the area was filled with crime, was extremely
dangerous, and required security measures, (3) knew of numerous incidents
shortly before the incident forming the basis of the Johnson’s lawsuit, but
took no action to provide for the safety of those who were working at the store
or in the shopping center in which the store was located, (4) failed to provide
lighting in the parking lot and common areas outside of the store where Johnson
worked, (5) failed to provide adequate security for the commercial center in
the evenings, and (6) allowed two large concrete pillars to obstruct the view
from inside the store of persons who could be laying in wait.  Johnson alleged that
Weingarten’s tortious conduct proximately caused Johnson’s damages.  Johnson asserted various claims including a negligence
claim based on premises liability.  Under the allegations in the
underlying lawsuit, it is not initially impossible to
discern whether coverage is potentially implicated.  On this basis, alone, the
situation in the case under review does not fit within the circumstances
under which the Supreme Court of Texas might consider an exception to the
eight-corners rule.  See Nokia, Inc., 268 S.W.3d at 497–98; Graham, 473 F.3d at 603.

            Furthermore, the extrinsic evidence in the case
under review shows that Weingarten was not the lessor of the premises in
question at any time material to Johnson’s claims.  But this extrinsic evidence
contradicts the allegation in Johnson’s petition that Weingarten was the lessor
of the premises at the time of the occurrence made the basis of Johnson’s
suit.  Therefore, the potential exception does not apply because the extrinsic evidence engages the truth
or falsity of a fact alleged in the underlying case.  See Pine Oak
Builders, Inc., 279 S.W.3d at 654–55.

            Finally, the extrinsic evidence showing that
Weingarten was not the lessor of the premises in question overlaps with the
merits.  Johnson alleged that Weingarten owned, leased, and yet still
controlled the premises in question when she was robbed and assaulted.  A
landlord who retains the right to control the security and safety of the
premises owes a duty to a tenant’s employees to use ordinary care to protect
the employees against an unreasonable and foreseeable risk of harm from the
criminal acts of third parties.  See Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995); Exxon Corp. v. Tidwell, 867 S.W.2d 19,
22–23 (Tex. 1993).  The terms of the lease and Weingarten’s status as a lessor are
relevant to the issue of whether Weingarten retained the right to control the
security and safety of the premises.  See Tidwell, 867 S.W.2d at 22–23. 
In addition, if, as alleged by Johnson, Weingarten was the lessor of the
premises when she was robbed and assaulted, then Weingarten would be an insured
under Liberty Mutual’s insurance policy.  Therefore, the extrinsic evidence does not go solely to coverage;
instead, the extrinsic evidence touches upon both coverage and the merits of
the underlying case.[2]  See GuideOne Elite Ins., 197 S.W.3d at 310.

            The
majority relies upon the opinion in Blue Ridge Insurance Company v.
Hanover Insurance Company, in which a federal district court concluded that
“[t]he status of ‘insured’ is to be determined by true facts, not false,
fraudulent, or otherwise incorrect facts that might be alleged by a personal
injury claimant.” 748 F.Supp. 470, 473 (N.D. Tex. 1990).  But, in Graham,
the trial court expressly relied upon this legal standard from Blue Ridge
and held that there was an exception to the eight-corners rule because the
extrinsic evidence showed that the party alleging a duty to defend was not an
insured under the policy.  See Liberty Mut. Ins. Co. v. Graham, 407 F.Supp.2d 808, 813–14 (N.D. Tex. 2005), rev’d, 473
F.3d 596 (5th Cir. 2006).  On appeal, the Fifth Circuit held that there was a
duty to defend based upon the legal standard from GuideOne, which is
significantly different than the legal standard followed in Blue Ridge. 
Compare Graham, 473 F.3d at 600–601, with Blue
Ridge Ins. Co., 748 F.Supp. at 473.  Therefore, though the Fifth Circuit in
Graham did not expressly disapprove of the Blue Ridge legal
standard, it impliedly disapproved of the Blue Ridge legal standard in
favor of the legal standard from GuideOne.  See Graham, 473 F.3d at 600–603.[3]  

            It is
possible to discern whether coverage is potentially implicated by Johnson’s
petition.  The extrinsic evidence overlaps with the merits of Johnson’s claims
and engages the truth or falsity of a fact alleged by Johnson.  Therefore, this
case does not fall within the situation under which the Supreme Court of Texas
might recognize an exception to the eight-corners rule.  See Pine Oak
Builders, Inc., 279 S.W.3d at 654–55; Nokia,
Inc., 268 S.W.3d at 497–98; GuideOne
Elite Ins., 197 S.W.3d at 309.  For this reason, the trial court erred in
granting Liberty Mutual’s motion for summary judgment and in ruling that
Liberty Mutual had no duty to defend as a matter of law.  Because this court
affirms the trial court’s summary judgment, I respectfully dissent.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost 

                                                                                    Justice

 

Panel consists of Justices
Anderson, Frost, and Brown.  (Brown, J., majority).









[1]
Before today, the Fourteenth Court of Appeals had not recognized any such
exceptions either. 





[2] The terms of the lease and Weingarten’s status as a
lessor are material to the merits of Johnson’s negligence claim. See Centeq
Realty, Inc., 899 S.W.2d at 197; Tidwell, 867 S.W.2d at 22–23. 
Thus, the circumstances of this case also do not satisfy the legal standard
followed by the majority.    

 





[3] In addition, following the Supreme Court’s
GuideOne opinion, the First Court of Appeals determined whether a party
fell within the definition of “insured” under an insurance policy based upon
the allegations in the underlying petition.  See AccuFleet, Inc. v. Hartford Fire Ins. Co., 322 S.W.3d 264, 271–72 (Tex. App.—Houston [1st
Dist.] 2009, no pet.).